## UNITED STATES DISTRICT COURT
## IN THE WESTERN DISTRICT OF MICHIGAN

BRENT TOWNSEND**,**                                     :
                                                        :
     Plaintiff                                      :
                                                        :
v.                                                      :          Case No.
                                                        :          Jury Trial Demanded
LTD FINANCIAL SERVICES, LP,
A Foreign Limited Partnership.

     Defendant.
_____/

### COMPLAINT

Plaintiff Brent Townsend ("Plaintiff"), by and through his attorney, the Law Offices of Nicholas A. Reyna P.C., alleges the following:

### Nature of Action

1.   Plaintiff brings this action against the Defendant debt collectors, seeking damages and equitable relief, to redress the Defendants' systemic violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* violations of the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251 *et seq*, and the Michigan Occupational Code, M.C.L. § 339.901 ("MOC").

### Parties

2.   Plaintiff Brent Townsend ("Morgan") is a citizen of Michigan residing in Three Rivers, Michigan.  Mr. Townsend is a "consumer" and "person" as that term is defined by 15 U.S.C. § 1692a(3), and a "consumer," "debtor," and "person" as the terms are defined and used in the MCPA.

3.   Defendant LTD Financial Services a Foreign Limited Partnership ("LTD") is

1

a Houston, Texas-based Foreign Limited Partnership whose registered agent is CSC-Lawyers Incorporating Service with a registered office address located at 601 Abbott Road in East Lansing, Michigan 48823. LTD regularly acts as the manager and servicer for charged off consumer debt owned by CBNA and other entities. LTD regularly collects or attempts to collect, directly or indirectly, debt owed or due or asserted to be owed or due another. LTD is a "debt collector" as the term is defined and used in the FDCPA. LTD is a "regulated person" as the term is defined and used in the MCPA.

4. During all times pertinent hereto, the Defendant directly and indirectly participated in efforts to collect alleged debts from the Plaintiff and presumably others as stated below in this complaint.

**Jurisdiction and Venue**

5. This Court has jurisdiction under 15 U.S.C. 1692 et seq (FDCPA) and 28 U.S.C. 1331 and 1337. This Court has supplemental jurisdiction regarding the Plaintiff's state law claims under 28 U.S.C. 1367. Venue in this jurisdiction is proper because the Defendants transact business here, the pertinent events took place here, and the Plaintiff resides here.

**Factual Background**

6. On or around May 5, 2015, LTD forwarded a "Dunning Letter" to the Plaintiff pursuant to a Citi Business Card account previously opened by the latter, with a purported balance due and owing at that time of $4,645.66 (*see Exhibit A*).

7. The Debt purportedly owed by the Plaintiff was for credit card purchases,

which were used for personal, family or household purposes and is therefore representative of "consumer debt" as that term is defined by 15 U.S.C 1692a(5).

8.  To confirm, pursuant to MCL 600.5807(8), the period of limitations is six years for any action before the court to recover damages or sums due for breach of contract; upon information and belief, it remains the Plaintiff's contention that the last payment made on the account at issue occurred more than 72 months from the date of the collection letter at issue.  In addition, nothing in the letter disclosed that the debt was barred by the statute of limitations, or disclosed the date of the transactions giving rise to the claimed debt.

9.  Upon information and belief, it is the policy and practice of LTD to send letters seeking time-barred debt that to do not disclose the foregoing information. Previous cases have established that where a debt collector might be unsure about the applicable statute of limitations, the use of general language about that possibility can help serve to correct any possible misimpression by an unsophisticated consumer without venturing into the realm of legal advice- e.g., "the law limits how long you can be sued on a debt, and because of the age of your debt, we will not sue you for it." *Buchanan v. Northland Group, Inc*., 776 F.3d 393 (6th Cir. 2015).  In this case, the Defendant made no attempt to clarify such for the Plaintiff, and in fact included the possibility that the Defendant might "obtain a copy of a judgment" if a debt were disputed, which could conceivably confuse an unsophisticated debtor such as the Plaintiff about whether the Defendant might in fact sue them in order to effectively verify the debt, a legal impossibility given the relevant statute of limitations.

10. To date, the Defendant has thusly failed to provide any evidence to establish

that the debt at issue is not in fact stale, in effect also actively misrepresenting the amount purportedly due and owing by the Plaintiff in violation of 15 U.S.C. § 1692e.

11. The Fair Debt Collection Practices Act ("FDCPA") is a consumer protection statute that "imposes open-ended prohibitions on false, deceptive, or unfair debt collection practices." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 587. 130 S.Ct. 1605, 1615 (2010).

12. The Fair Debt Collection Practices Act states that it is unlawful for a debt collector to use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  15 U.S.C. § 1692e.

13. The FDCPA states that it is unlawful for a debt collector to make a false representation of the character, amount, or legal status of any debt.   15 U.S.C. §1692e(2)(A).

14. The FDCPA states that it is unlawful for a debt collector to communicate to any person credit information which is known or which should be known to be false.  15 U.S.C. § 1692e(8).

15. The FDCPA states that it is unlawful for a debt collector to use any false representation or deceptive means to collect or attempt to collect any debt.  15 U.S.C. § 1692e(10).

16. The FDCPA states that it is unlawful for a debt collector to use unfair or unconscionable means to collect or attempt to collect any debt, including the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.  15 U.S.C. § 1692f(1).

17.     The Defendant violated the FDCPA, 15 U.S.C. §§ 1692e and 1692e(2)(A), (8), and (10), and 1692f(1).   See, e.g., *Watkins v. Peterson Enterprises, Inc*., 57 F.Supp.2d 1102 (E.D. Wash. 1999).

18. The FDCPA is a strict liability statute and thus proof of <u>one</u> violation thereof is sufficient to support a finding of summary judgment in favor of a Plaintiff.  *Cacace v Lucas,* 775 F. Supp. 502, 505 (D. Conn. 1991).  Moreover, a Plaintiff in such instances does not need to prove knowledge or intent.  *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir. 2011).  The Plaintiff also does not have to have suffered actual damages.  *Kistner v. Law Offices of Michael P. Margelefsky, LLC,* 518 F.3d 433, 437 (6th Cir. 2008).

19. The described acts and omissions of the Defendant were done in connection with efforts to collect an alleged debt from Mr. Townsend, such having been done intentionally and willfully.

20. The Defendant intentionally and willfully violated the FDCPA

21. As a direct and proximate result of the Defendant's negligence, the Plaintiff suffered actual damages in the form of anger, anxiety, emotional distress, frustration, upset, and embarrassment.

22. As a further direct and proximate result of the Defendant's negligence, the Plaintiff has sustained consequential damages, including attorney fees and legal expenses.

### Conclusions of Law

23.  The collection actions taken against the Plaintiff by the Defendant violated numerous provisions of the FDCPA.

24. The detailed conduct by the Defendant in attempting to collect a debt was

barred by the applicable statute of limitations given the debt's "stale" nature, and these actions were as a result violations of both the FDCPA and MCPA.

## COUNT I- VIOLATION OF 15 U.S.C. 1692

25. Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

26. The foregoing acts and omissions of the Defendant and their agents constituted numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*., with respect to the Plaintiff.

27. The Defendant violated 15 U.S.C. § 1692e by using a false, deceptive, or misleading representation or means of forwarding a collection letter to the Plaintiff pursuant to a "stale" debt whose collection was barred by the applicable statute of limitations, and by subsequently misrepresenting the exact amount owed by the Plaintiff since the Plaintiff in fact owed nothing.

28. The Defendant violated 15 U.S.C. § 1692e(2)(A) by using a false representation of the amount of the debt for the foregoing reasons.

29. The Defendant violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect the debt at issue for the foregoing reasons.

30. Each violation of the MCPA by the Defendant as outlined in this Complaint is likewise a violation of 15 U.S.C. § 1692f as an "unfair or unconscionable means to attempt to collect a debt."

31. Each violation of the MOC by the Defendant as outlined in this Complaint is likewise a violation of 15 U.S.C. § 1692f as an "unfair or unconscionable means to attempt to collect a debt."

32. This jurisdiction is reliant upon the "least sophisticated debtor" standard to determine whether a communication might effectively deceive an unsophisticated consumer under 15 U.S.C. 1692. *Smith v Computer Credit*, 167 F.3d 1052 (6th Cir. 1999). More specifically, "the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." *Federal Trade Commission v Standard Education Society*, 302 U.S. 112, 116, 50 S.Ct. 113, 115, 82 L.Ed. 141 (1937). It seems sensible to suggest that attempts such as those by the Defendant in this case to collect upon a stale debt specifically by forwarding collection letters to parties like the Plaintiff who are in fact under no obligation to pay would certainly possess the potential to confuse a less sophisticated Debtor such as the Plaintiff in this instance.

33. Contact between a debt collector and a debtor violates the FDCPA if it explicitly or implicitly represents that the debt collector can sue on a debt when it cannot do so. *Kimber v Federal Fin. Corp.*, 668 F. Supp. 1480, 1489 (M.D. Ala. 1987). A debt collector's communication need not contain overtly false statements to be misleading or deceptive; omissions may also deceive. *Harvey v. Great Seneca Financial Corp.,* 453 F.3d 324, 332 (6th Cir. 2006). Federal and district courts have uniformly held that a debt collector's threatening to sue on a time-barred debt and/or filing a time-barred suit in state court to recover that debt violates §§1692e and 1692f. *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1079 (7th Cir. 2013). Language within the collection letter at issue

here specifically sets forth that one avenue whereby LTD might verify the debt is to "obtain a copy of a judgment," which it could not do given the debt's expiration under the applicable statute of limitations. Even if LTD were to argue this language in fact meant a judgment would be obtained only if already entered, the language used is again confusing and possessed clear potential to confuse an unsophisticated party like the Plaintiff. As such, the contact clearly violated the FDCPA for the foregoing reasons.

34. Courts in similarly-styled cases have specifically reasoned that the FDCPA outlaws "state suits to collect consumer debts" as unfair because (1) few unsophisticated consumers would be aware that a statute of limitations could be used to defend against lawsuits based on stale debts and would therefore unwittingly acquiesce to such lawsuits; (2) the passage of time…dulls the consumer's memory of the circumstances and validity of the debt; and (3) the delay in suing after the limitations period heightens the probability that the debtor will no longer have personal records about the debt. *Phillips*, 736 F.3d at 1079.

35. Courts in other similarly-styled cases have likewise held that such limitations periods represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time because "the right to be free of stale claims in time comes to prevail over the right to prosecute them." *United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 356-57 (1979).

36. For a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *Grden v Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011). All communications from the Defendants, their agents, and representatives to the Plaintiff,

both orally and in writing, shared the same animating purpose- to coerce the Plaintiff into paying it amounts he was not legally required to pay.

37. As an actual and proximate result of the acts and omissions of the Defendant, the Plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, fear, stress, mental anguish, emotional stress, anxiety, for which the Plaintiff should be compensated in an amount to be established by jury and at trial.

38. As a result of each of the Defendant's violations of the FDCPA, the Plaintiff is specifically entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant.

## COUNT II- VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

39.  Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

40. The Defendant represents a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

41. The Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

42. The  foregoing  acts  and  omissions  of  the  Defendant  and  their  agents constituted numerous and multiple violations of the MOC including but not limited to each and every one of the above-cited provisions of the MOC, M.C.L. § 339.911 with respect to the Plaintiff.

43. The  Defendant  violated  M.C.L.  §  339.915(a)  by  communicating  with  the

Plaintiff in a misleading or deceptive manner by forwarding a collection letter which included a threat of potential legal action based upon a "stale" debt whose collection was barred by the applicable statute of limitations, and by subsequently misrepresenting the exact amount owed by the Plaintiff (who in fact owed nothing).

44. The Defendant violated M.C.L. §339.915(e) for the foregoing reasons.

45. The Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method(s) to collect a debt.

46. The Defendant violated M.C.L. 339.915(q) by failing to implement a procedure designed to prevent each of the above-listed MCPA violations by the Defendant's employees.

47. The Defendant's foregoing acts in attempting to collect the alleged debt at issue violated MCL § 339.915e, which prohibits a Licensee from "making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt."

48. The Defendant's foregoing acts in attempting to collect this alleged debt violated MCL 339.915f, which prohibits a Licensee from "misrepresenting in a communication with a debtor any of the following: (i) the legal status of a legal action being taken or threatened and/or (ii) the legal rights of the creditor or debtor."

49. The Defendant's violations of the Michigan Occupational Code were willful.

50. As an actual and proximate result of the acts and omissions of the Defendant, the Plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, fear, stress, mental anguish, emotional stress, anxiety, loss of sleep and

suffering.

51. More specifically, due to the Defendant's willful violations of the MOC, the Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 339.916; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 339.916; and reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916.

## COUNT III- VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

52. Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

53. The Defendant represents a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

54. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

55. The foregoing acts and omissions of the Defendant and their agents constituted numerous violations of the MCPA.

56. The Defendant violated M.C.L. § 445.252(a) by communicating with the Plaintiff in a misleading or deceptive manner by filing a complaint on a "stale" debt whose collection was barred by the applicable statute of limitations, and by subsequently misrepresenting the exact amount owed by the Plaintiff..

57. The Defendant violated M.C.L. § 445.252(e) for the foregoing reasons.

58. The Defendant violated M.C.L. 445.252(n) by using a harassing, oppressive, and/or abusive method(s) to collect the debt at issue.

59. The Defendant violated M.C.L. 445.252(q) by failing to implement a

procedure designed to prevent each of the above-listed MCPA violations by the Defendant's agents and/or employees.

60. The Defendant's foregoing acts in attempting to collect this alleged debt violated MCL 445.252e, which prohibits a Regulated Person from "making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt." The Defendant initiated collection specific to "stale" debt whose collection was effectively barred by the applicable statute of limitations.

61. The Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252f, which prohibits a Regulated Person from "misrepresenting in a communication with a debt any of the following: (i) the legal status of a legal action being taken or threatened and/or (ii) the legal rights of the creditor or debtor."

62. The Defendant, specifically by way of the communications between its' agents and representatives and the Plaintiff, clearly misrepresented to the Plaintiff his legal rights.

63. Plaintiff has suffered damages as a result of these violations of the Michigan Collection Practices Act.

64. These violations of the MCPA were willful, and as a result the Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 445.257; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 445.257; and reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257.

**CONCLUSION**

## COUNTS I:  VIOLATION OF 15. U.S.C § 1692

**WHEREFORE**, based upon the foregoing facts, the Plaintiff respectfully requests the following relief:

(A)    Actual damages for Plaintiff pursuant to 15 U.S.C. §1692k(a)(1);

(B)    Statutory damages for Plaintiff pursuant to 15 U.S.C. §1692k;

(C)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

(D)    Such further relief as the court deems just and proper.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

**WHEREFORE,** based upon the foregoing facts, the Plaintiff respectfully requests the following relief:

(A)    Damages pursuant to M.C.L. § 339.916(2) against the Defendant.

(B)    Treble the actual damages pursuant to M.C.L. § 339.916(2); and

(C)    Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

**WHEREFORE,** based upon the foregoing facts, the Debtor respectfully requests the following relief:

(A)    Damages pursuant to M.C.L. § 445.257(2) against Defendant.

(B)    Treble the actual damages pursuant to M.C.L. § 445.257(2); and

(C)    Reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2).

**Demand for Trial by Jury**

Plaintiff demands trial by jury.

RESPECTFULLY SUBMITTED,
LAW OFFICES OF NICHOLAS A. REYNA

Date:  May 29, 2015                    /s/ Nicholas A. Reyna_____
                                       Nicholas A. Reyna (P68328)
                                       Attorney for Debtor(s)
                                       528 Bridge St., Ste. 1A
                                       Grand Rapids, MI 49504
                                       (616) 235-4444
                                       Nickreyna7@hotmail.com